## Quirk v. James Lees & Sons Company

*Dennis A. O'Neill*, for plaintiff.
*High, Dettra & Swartz*, for defendant.

CORSON, J., May 24, 1935.—The plaintiff in the present action filed suit in trespass, claiming damages as a result of the alleged negligence of defendant's agents in causing the death of plaintiff's son. It is the contention of plaintiff that certain constables or police officers, alleged to have been employed by the defendant to protect its mill during labor trouble, negligently shot and killed the plaintiff's son.

The statement of claim does not allege or attempt to set forth the names of the alleged agents of the defendant company. Admittedly, the names of such alleged agents are known to the plaintiff. Defendant contends that the plaintiff should further set forth which one of the five alleged agents fired the fatal shot. Plaintiff contends that so long as she shows that the shot was fired by one of the five alleged agents, she has proven her case.

We agree with the contention of the defendant that the plaintiff should set forth the names of the five alleged agents and with the contention of the plaintiff that she is not required to set forth the name of the particular agent alleged to have fired the fatal shot.

And now, May 24, 1935, for the reasons given, the defendant's rule for a more specific statement of claim is made absolute to the extent that plaintiff is directed, within 15 days after notice of the filing of this opinion, to file an amended or supplemental statement of claim setting forth the names of the five alleged agents.